# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GREGORY VALENTINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-cv-1022 |
| ) | Judge Trauger |
| ROGER SINDEL, et al., ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Sumner County Jail in Gallatin, Tennessee. He brings this action under 42 U.S.C. § 1983 against his court-appointed defense attorney Roger Sindel, the Hendersonville Police Department, Hendersonville Police Chief Terry Frizzell, Officer Freudenthal, Sergeant Coarsey, Detective Harrell, Detective Harris, Detective Witherow, and Sergeant Forhd.[1] (Docket No. 1). The complaint alleges that the plaintiff was detained without reasonable suspicion and arrested without probable cause, given excessive bail of $1,500,000.00, and subjected to an unlawful search and seizure, as well as cruel and unusual punishment. The plaintiff also alleges that his court-appointed defense attorney's representation amounts to legal malpractice. (*Id.*) The plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages in excess of ten million dollars ($10,000,000.00), property damage replacement in the amount of $5,800.00, and costs associated with this lawsuit. (*Id.*)

## I. General Facts Alleged By the Plaintiff

According to the plaintiff's complaint, on September 30, 2009, the plaintiff was arrested by

---

[1]The plaintiff states that he wishes to add defendants Freudenthal, Coarsey, Harrell, Harris, Witherow, and Forhd on page seven (7) of his complaint. (Docket No. 1). The plaintiff does not provide the first names of these defendants.

individuals employed by the Hendersonville Police Department as the result of an investigatory stop of a vehicle in which the plaintiff was a passenger. The plaintiff was wrongly detained, searched, and arrested. His bond was set at $1,500,000.00. The defendants wrongly seized $5,800.00 from the plaintiff's person. The plaintiff was appointed a criminal defense lawyer on or about December 18, 2009, and this lawyer has failed to pursue strategies and file certain motions as desired by the plaintiff. The plaintiff was not permitted to attend his seizure hearing.

## II. Section 1915A Screening

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a prisoner, "as soon as practicable after docketing," that is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915A(b)(1)(2). As per § 1915A, the term "prisoner" means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

## III. Section 1983 Claims

The court construes the *pro se* complaint to allege a number of claims under 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived

2

of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Claims against the Hendersonville Police Department and the City of Hendersonville

First, the plaintiff's complaint alleges § 1983 claims against the Hendersonville Police Department. The Hendersonville Police Department is "a subdivision of the City of Hendersonville and not a separate municipal entity capable of being sued." *Adams ex rel. Heirs at Law of Clark v. City of Hendersonville*, No. 3:06-cv-00788, 2008 WL 4329869, at *14 (M.D. Tenn. Sept. 18, 2008)("Police departments are not separate legal entities which may be sued."); s*ee, e.g., CP v. Alcoa Police Dep't,* No. 3:10-CV-197, 2010 WL 2698290, at *4 (E.D. Tenn. July 6, 2010)("[I]t is clear that defendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. § 1983."); *Smith v. Tenn. Dep't of Corr.,* No. 3:09-0485, 2009 WL 1505308, at *3 (May 27, 2009)(Trauger, J.)("[S]heriffs' offices and police departments are not bodies politic, and as such as not 'persons' within the meaning of § 1983 . . . ."); *Johnson v. Harris,* No. 1:08cv36, 2009 WL 277992, at *10 (E.D. Tenn. Feb. 5, 2009)("[A]gencies such as police departments are not proper defendants in Section 1983 lawsuits."); *Moore v. Chattanooga Police Dep't,* No. 1:08-cv-174, 2008 WL 3896114, at *3 (E.D. Tenn. Aug. 19, 2008)*(*"The Chattanooga Police Department is not a municipality but is merely a municipal agency or department of the City of Chattanooga rather than

3

a separate legal entity."); *Obert v. Pyramid,* 381 F. Supp.2d 723, 725 n.1 (W.D. Tenn. 2005)("Defendant correctly notes that the Memphis Police Department does not legally exist and is not a proper party to this action . . . . [T]he City of Memphis is properly a Defendant . . . ."). Thus, all claims against the Hendersonville Police Department fail as a matter of law.

Construing the plaintiff's *pro se* pleadings liberally, the court reads the plaintiff's complaint as an attempt to also state claims against the City of Hendersonville, the entity responsible for operating the Hendersonville Police Department. However, for the City of Hendersonville to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the City of Hendersonville. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell,* 436 U.S. at 689-90; *Doe v. Claiborne County, Tenn.,* 103 F.3d 495, 507-09 (6th Cir. 1996).

The plaintiff makes no such allegation, nor can such an allegation be inferred from the complaint.[2] The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). As a result, even if construed as claims against the City of Hendersonville, the plaintiff's allegations against the Hendersonville Police Department do not support the required legal thresholds for municipal liability under § 1983. Accordingly, those claims must be dismissed.

**B.    Claims against appointed attorney Roger Sindel**

Next, the plaintiff's complaint alleges § 1983 claims against his appointed criminal defense

---

[2]The plaintiff's question that, "I don't know if there's a manopoly [sic] amongst colleagues in a conspiracy to unlawfully sezie [sic] my money, so they can split it or what?" (Docket No. 1 at p.7) is insufficient to support a claim of municipal liability.

4

attorney. Specifically, the plaintiff alleges that his attorney committed legal malpractice by failing to file certain motions and pursue certain strategies, the combination of which has led to the plaintiff's continued wrongful incarceration. However, the law is firmly established that public defenders or court-appointed defense lawyers do not "act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998).

Here, the actions about which the plaintiff complains (failing to file motions to suppress and for a reduction of bond, requests for a speedy trial, discovery matters) fall within the ambit of a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Thus, while performing those functions, the plaintiff's court-appointed criminal defense lawyer was not acting "under color of state law" as defined by controlling case law. As such, the plaintiff's § 1983 claims against Roger Sindle fail.

### C. Chief Terry Frizzell

The plaintiff names Chief Terry Frizzell as a defendant in this action in both his individual and official capacities. As to the official capacity claim against Chief Frizzell, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the plaintiff's claims against Chief Frizzell in his official capacity is a claim against the City of Hendersonville. However, governmental entities cannot be held responsible for a constitutional deprivation, unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell*, 436 U.S. 658, 691; *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir.

5

2000). The plaintiff does not allege, nor can it be liberally construed from the complaint, that the defendants acted according to any policy or custom attributable to the City of Hendersonville. Consequently, the City of Hendersonville has no liability under § 1983 in this matter. Accordingly, the claims against Chief Frizzell in his official capacity, which are claims against the City of Hendersonville, will be dismissed.

As to the individual capacity claim against Chief Frizzell, the law provides that "[a] supervisory employee cannot be held liable under section 1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 727 (6th Cir.1996) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1 984)). In other words, supervisor liability does not attach when supervisors are "sloppy, reckless, or negligent" in the performance of their duties. *Doe v. City of Roseville*, 296 F.3d 431, 439 (6th Cir. 2002). A supervisor's liability cannot be grounded solely upon a right to control employees. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, although the complaint alleges that "the Hendersonville Police Department took almost [$]16,000 total that had no ties to allege[d] offense pending against the defendant," (Docket No. 1 at 7), the complaint does not allege that Chief Frizzell encouraged the alleged wrongful conduct or that he participated in it. In fact, Chief Frizzell's name does not appear *at all* in the Statement of Facts section of the complaint. As such, the plaintiff has not stated a viable constitutional violation attributable to Chief Frizzell. The individual capacity claim against Chief Frizzell therefore fails as a matter of law.

### D. Other Defendants

The remaining defendants include Officer Freudenthal, Sergeants Coarsey and Forhd, and

Detectives Harrell, Harris, and Witherow, all of whom have been sued in both their individual and official capacities. As discussed above, the claims against these defendants in their official capacities are claims against the City of Hendersonville. Because the plaintiff's allegations with respect to these defendants are insufficient to establish municipal liability, these claims fail as a matter of law.

### a. Cruel and unusual punishment

Although the plaintiff claims that the defendants' conduct constitutes cruel and unusual punishment, the Eighth Amendment's protections against cruel and unusual punishment apply only to post-conviction inmates. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005); *Barber v. City of Salem*, 953 F.2d 232, 235 (6th Cir. 1992). As the plaintiff's § 1983 claims relate only to his arrest and pre-trial detention, and not to any post-conviction treatment, the plaintiff cannot sustain such an Eighth Amendment claim. Accordingly, the plaintiffs' § 1983 claims for cruel and unusual punishment as to defendants Freudenthal, Coarsey, Forhd, Harrell, Harris, and Witherow in their individual capacities must be dismissed.

### b. Excessive or unreasonable bail

Next, the plaintiff asserts a claim against the remaining defendants in their individual capacities pursuant to § 1983 for excessive or unreasonable bail. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment's protections apply to pretrial detainees like the plaintiff through the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985). As a sister court points out: "While the Sixth Circuit has not imposed liability on an

arresting defendant for a violation of an arrestee's Eighth Amendment right against excessive bail, another federal circuit court has done so." *Butler v. City of Englewood*, No. 1:07-cv-184, 2008 WL 4006786, at *7 (E.D. Tenn. Aug. 25, 2008)(citing *See Wagenmann v. Adams*, 829 F.2d 196, 211-12 (1st Cir.1987) (holding that a law enforcement defendant may be liable in a § 1983 excessive bail claim if he "help[s] to shape" or "exercis[es] significant influence over[ ] the bail decision.")).

In *Butler*, the court found that, "even assuming that such a cause of action exists within the Sixth Circuit," the plaintiff's § 1983 claims against three police officers for excessive bail failed as a matter of law because, as to two of the defendants, the plaintiff offered "nothing by way of allegation, testimony, or evidence to suggest that [the defendants] were in any way involved with" the plaintiff's incarceration. *Id.* at *8. As to the third defendant, the court found that, although the plaintiff did offer "some support" for her unreasonable bail claim, "any influence that [defendant] exerted over the timing of the Plaintiff's bail decision was not to her detriment." *Id.*

Assuming, as did the *Butler* court, that the Sixth Circuit would recognize a cause of action under these circumstances, the court finds that, athough it is unclear from the plaintiff's complaint exactly how the named defendants played a role in the setting of the plaintiff's bail, the complaint states a non-frivolous, colorable claim for excessive bail as to these defendants.

  c. **Fourth Amendment violations**

The plaintiff alleges that these defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures when the plaintiff was searched, and the plaintiff's money was seized from his person, on September 30, 2009. The plaintiff also alleges that the stop of the car in which he was a passenger was not based on reasonable suspicion, and that the plaintiff's ensuing arrest was without probable cause, both also violative of the Fourth Amendment.

Pursuant to the Fourth Amendment, law enforcement officers may not seize an individual

prior to establishing probable cause for his arrest. *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630, 636 (6th Cir. 2004). Probable cause necessary to justify an arrest is defined as "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Beck v. Ohio*, 379 U.S. 89, 91,(1964)). The determination of the existence of probable cause "presents a jury question, unless there is only one reasonable determination possible." *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir. 2000).

Seizures of property also require probable cause. *See United States v. Smith*, 510 F.3d 641, 647-48 (2007). The Fourth Amendment protects against unreasonable interferences in property interests regardless of whether there is an invasion of privacy. *Soldal v. Cook County*, 506 U.S. 56, 62-64 (1992) ("Although lacking a privacy component, the property rights in both instances nonetheless were not disregarded, but rather were afforded Fourth Amendment protection.").

Determinations of probable cause are particularly fact-dependent. The court finds that the plaintiff's Fourth Amendments claims are not frivolous or malicious.

### d. Denial of due process

The plaintiff alleges that he has been deprived of due process because, among other reasons, he was prohibited from attending his seizure hearing and his money was taken without his permission. (Docket No. 1 at 8).

The Fifth Amendment to the United States Constitution prohibits the state from depriving any person of "life, liberty, or property, without due process of law . . . ." *U.S.Const.* amend. V. The Fourteenth Amendment to the United States Constitution also prohibits states from "depriv[ing] any person of life, liberty, or property without due process of law . . . ." *Id*. amend. XIV, § 1. Due

9

process has a procedural component and a substantive one. *Howard v. Grinage*, 82 F.3d 1343 (6th Cir. 1996). The two are distinct from one another because they have different objectives. *Id*. at 1349. The procedural due process component, unlike its substantive counterpart, does not require that the government refrain from making a substantive choice to infringe on a person's life, liberty, or property interest; it simply requires that the government provide "due process" before making such a decision. *Id.* The touchstone of procedural due process is the fundamental requirement that an individual have the opportunity to be heard "in a meaningful way." *Id.*; *see Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 563 (6th Cir. 1983). Substantive due process, on the other hand, serves the goal of preventing "governmental power from being 'used for purposes of oppression,'" regardless of the fairness of the procedures used. *See Daniels*, 474 U.S. at 331 (citation omitted). There are two types of substantive due process claims: those that assert a denial of a right, privilege, or immunity secured by the Constitution or a federal statute, and those that assert an official action that shocks the conscience. *Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997).

Although it is far from certain whether the plaintiff can prevail on his due process claim under any of the theories presented, the court finds that the claim is not frivolous under the screening required by Section 1915A.

**V.   Conclusion**

For the reasons explained herein, the plaintiff's § 1983 claims against the Hendersonville Police Department, the City of Hendersonville, Sindle, and Frizzell, as well as those claims against Freudenthal, Coarsey, Forhd, Harrell, Harris, and Witherow in their official capacities, fail to state claims on which relief can be granted; thus, those claims will be dismissed with prejudice. In addition, the plaintiff's § 1983 claims alleging cruel and unusual punishment against the defendants

Freudenthal, Coarsey, Forhd, Harrell, Harris, and Witherow in their individual capacities will be dismissed with prejudice.

However, as to the plaintiff's excessive bail, Fourth Amendment, and due process claims against Freudenthal, Coarsey, Forhd, Harrell, Harris, and Witherow in their individual capacities, the court finds that the plaintiff has stated at least one colorable claim for relief under § 1983.  28 U.S.C. §§ 1915A.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge