UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GREGORY VALENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-cv-1022 |
| | ) | Judge Trauger |
| ROGER SINDEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# M E M O R A N D U M   and   O R D E R

The court has before it a Motion to Review (Docket No 27) the Magistrate Judge's Report and Recommendation (R&R) of April 1, 2011 (Docket No. 22), which recommends a ruling upon a non-dispositive matter under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), Fed. R. Civ. P. (Docket No. 102). This court may only modify or set aside the Magistrate Judge's ruling if it is found to be clearly erroneous or contrary to law. (*Id.*)

By motion, the plaintiff seeks leave to amend his complaint to add two defendants, Eric Herbert and Thomas Dean. (Docket No. 2). In his motion, the plaintiff alleges that these two persons are involved in the violation of the plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendments rights "by providing a malicious prosecution of commiting [sic] a personal tort act against the [plaintiff] performing with unethicity [sic], bias and prejudice that conspired in a conspiracy to extort [plaintiff] into an unwillingly plea agreement and refuse to allow [plaintiff] to withdraw against the addressed facts." (Docket No. 2 at pp. 1-2).

In his R&R, the Magistrate Judge recommends that the plaintiff's motion to amend be denied

1

because the foregoing assertion "is almost altogether conclusory, and fails to contain sufficient facts to state a claim to relief that is plausible on its face." (Docket No. 22 at pp. 1-2).

The Magistrate Judge notes that the other motions filed by the plaintiff (Docket Nos. 9 and 11), although entitled motions to amend, are groupings of documentary exhibits together with the plaintiff's handwritten assertions about what these documents are and their materiality to the plaintiff's case. (Docket No. 22 at p.2). As a result, the Magistrate Judge recommends that, to the extent these two motions seek leave to amend the complaint, the motions should be denied.

In his timely Motion to Review the Magistrate Judge's recommendation, the plaintiff states that he "would especially like to appeal the denial of being able to add Eric Herbert and Thomas! I pray that the courts will find this letter appropriate in the contesting of it's [sic] denial!" (Docket No. 27 at p.1). However, the plaintiff does not provide any additional facts or explain how and when the named individuals violated the plaintiff's constitutional rights.

*Pro se* pleadings are subject to liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the court to create a claim which the plaintiff has not made clear in his complaint. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Board of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. *Wells*, 891 F.2d at 594. The plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. *Dunn v. Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982). The Magistrate Judge correctly determined that the plaintiff in the instant case should not be allowed to amend his complaint as requested (Docket No. 2) because the desired amendment fails to state claims upon which relief can be granted

pursuant to 28 U.S.C. § 1915A(b).

Because the Magistrate Judge's recommended ruling is not clearly erroneous or contrary to law, the plaintiff's Motion to Review is **DENIED**, and the R&R is **ADOPTED AND APPROVED**. Accordingly, the plaintiff's motions to amend (Docket Nos. 2, 9, and 11) are hereby **DENIED**.

In his Motion to Review, the plaintiffs asks the court to reconsider its denial of the plaintiff's motion for appointment of counsel. (Docket No. 27 at pp. 1-2). Because the plaintiff provides no reasons justifying the appointment of counsel in this civil matter that the court has not previously considered, the court's prior ruling (Docket No. 21) stands.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge