IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
GREGORY VALENTINE,            )
                              )
        Plaintiff,            )
                              )
     v.                       )    NO. 3:10-1022
                              )    Judge Trauger/Bryant
ROGER SINDLE, et al.,         )    **Jury Demand**
                              )
        Defendants.           )
```

TO: The Honorable Aleta A. Trauger

## REPORT AND RECOMMENDATION

Plaintiff Gregory Valentine, who is proceeding pro se and in forma pauperis, has filed his complaint pursuant to 42 U.S.C. § 1983 alleging that defendants have violated several of his constitutional rights in connection with his arrest, prosecution and pretrial detention in Sumner County, Tennessee (Docket Entry No. 1).

Upon a frivolity review required by 28 U.S.C. § 1915A (b)(1), the Court dismissed certain claims as failing to state claims upon which relief can be granted, but found that certain claims against defendants Freudenthal, Coarsey, Forhd, Harrell, Harris and Witherow in their individual capacities stated at least one colorable claim for relief under § 1983 (Docket Entry Nos. 4 and 5).

Thereafter, on November 18, 2010, the Clerk issued summons for defendants Coarsey, Forhd, Freudenthal, Harrell, Harris and Witherow (Docket Entry No. 10). Thereafter, the Clerk received postal return receipt cards for the summons and complaints mailed to each of these defendants indicating that this mail, addressed to

the defendants at 451 West Main Street, Hendersonville, Tennessee 37075, had been signed for on November 23, 2010, by an individual identified as "T. Lowe." (Docket Entry Nos. 12-17). None of these defendants has entered an appearance or otherwise responded in this case.

It appears from the record that none of these defendants has been served with process in this case as required by Rule 4(e) of the Federal Rules of Civil Procedure. Moreover, almost 19 months have expired since the Court granted plaintiff's application for leave to proceed in forma pauperis and authorized issuance of summons for defendants in this case. Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. This rule further provides that if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The undersigned Magistrate Judge finds that the defendants in this action have not been served with process in accordance with the requirements of Rule 4(e), and that well over 120 days have expired since plaintiff was authorized to serve process on defendants. For this reason, the undersigned Magistrate Judge recommends that the complaint be dismissed without prejudice.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate

Judge **RECOMMENDS** that the complaint be **DISMISSED** pursuant to Rule 4(m) for plaintiff's failure to obtain service of process on defendants.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 5th day of June 2012.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge